UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHNY LUZINCOURT,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER MICHAEL CIVIL, tax # 935092, SERGEANT
DONOHUE, JOHN DOES 1-5

                              Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK, AND MICHAEL CIVIL**

12 Civ 4612 (JPO)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants The City of New York and Michael Civil,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations contained in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations contained in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3. Deny the allegations contained in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

        4. Deny the allegations contained in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, no individual named Sgt. Donohue has been served in this case.

5. Deny the allegations contained in paragraph "5" of the complaint, except admit that a document purporting to be a notice of claim was filed on or about May 9, 2012 and that the claim has not been settled.

6. Paragraph "6" of the complaint contains a demand for a trial by jury and, accordingly, no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations contained in paragraph "8" of the complaint.

9. Deny the allegations contained in paragraph "9" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified New York City Police Officers, admit that Michael Civil was a New York City Police Officer on April 27, 2012, and admit that plaintiff purports to sue defendants in their individual capacities. The remaining allegations set forth conclusions of law to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

11. Deny the allegations contained in paragraph "11" of the complaint.

12. Deny the allegations contained in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the complaint.

14. Deny the allegations contained in paragraph "14" of the complaint.

15. Deny the allegations contained in paragraph "15" of the complaint.

16. Deny the allegations contained in paragraph "16" of the complaint.

17. Deny the allegations contained in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the complaint.

20. Deny the allegations contained in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the complaint, except admit that Michael Civil participated in plaintiff's arrest and that plaintiff was taken to the 70th Precinct.

22. Deny the allegations contained in paragraph "22" of the complaint.

23. Deny the allegations contained in paragraph "23" of the complaint, except admit that plaintiff was taken to Central Booking.

24. Deny the allegations contained in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the complaint, except admit that the District Attorney's Office declined to prosecute plaintiff.

26. Deny the allegations contained in paragraph "26" of the complaint, except deny knowledge or information sufficient to form a belief as to how long plaintiff was incarcerated.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein.

28. Deny the allegations contained in paragraph "28" of the complaint.

29. Deny the allegations contained in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein

31. Deny the allegations contained in paragraph "31" of the complaint.

32. Deny the allegations contained in paragraph "32" of the complaint.

33. Deny the allegations contained in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein.

35. Deny the allegations contained in paragraph "35" of the complaint.

36. Deny the allegations contained in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein.

38. Deny the allegations contained in paragraph "38" of the complaint.

39. Deny the allegations contained in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein.

41. The allegations contained in paragraph "41" of the complaint set forth conclusions of law to which no response is required.

42. Deny the allegations contained in paragraph "42" of the complaint.

43. Deny the allegations contained in paragraph "43" of the complaint.

44. Bernard Kerick, Jerry Bowens, William Eiseman, Michael Carsey, and Michael Pena are not parties to this action. Accordingly, no response to paragraph "44" of the complaint is required.

45. Jason Arbeeny is not a party to this action, and so no response to paragraph "45" of the complaint is required.

46. Deny the allegations contained in paragraph "46" of the complaint, except refer the Court to the cited case for a recitation of its contents.

47. Deny the allegations contained in paragraph "47" of the complaint, except refer the Court to the cited case for a recitation of its contents.

48. Deny the allegations contained in paragraph "48" of the complaint.

49. Deny the allegations contained in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein

51. Deny the allegations contained in paragraph "51" of the complaint.

52. Deny the allegations contained in paragraph "52" of the complaint.

53. Deny the allegations contained in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein

55. Deny the allegations contained in paragraph "55" of the complaint.

56. Deny the allegations contained in paragraph "56" of the complaint.

- 6 -

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein

58. Deny the allegations contained in paragraph "58" of the complaint.

59. Deny the allegations contained in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege their responses set forth in the proceeding paragraphs inclusive of this answer, as if fully set forth therein

61. Deny the allegations contained in paragraph "61" of the complaint.

62. Deny the allegations contained in paragraph "62" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

67.     There was probable cause for plaintiff's arrest and detention.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

68. Plaintiff provoked any incident.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

69. Punitive damages cannot be awarded against the City of New York.

## **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

70.     Plaintiff's claim may be barred in whole or in part because plaintiff has failed to comply with all conditions precedent to suit.

## **AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

71.     Defendant Detective Michael Civil has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants City of New York and Michael Civil request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 17, 2012

> MICHAEL A. CARDOZO
> Corporation Counsel of the City of New York
> Attorney for Defendants City of New York and Michael Civil
> 100 Church Street, Rm 3-313
> New York, New York 10007
> (212) 676-1875

        By: /s
        Kate F. McMahon (KM-3229)
        Assistant Corporation Counsel
        Special Federal Litigation Division

To: <u>Via ECF</u>
   Richard Cardinale, Esq

Case 1:12-cv-04612-JPO-GWG   Document 5   Filed 09/17/12   Page 9 of 10

Docket No.  12 Civ 4612 (JPO)

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
|---|
| JOHNY LUZINCOURT,<br><br>                                                  Plaintiff,<br><br>                    -against-<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER MICHAEL CIVIL, tax # 935092, SERGEANT DONOHUE, JOHN DOES 1-5<br><br>                                                  Defendants. |
| **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK, AND MICHAEL CIVIL**<br><br>JURY TRIAL DEMANDED |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York and Michael Civil*<br>*100 Church Street*<br>*New York, New York  10007*<br>*Of Counsel: Kate F. McMahon*<br>*Tel:  (212) 676-1875* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y........................................................, 2012*<br><br>*.............................................................................. Esq.*<br><br>*Attorney for.........................................................................* |